UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

SION ABADI,

                Plaintiff,

-against-

WELLS FARGO CAPITAL ONE FINANCIAL CORPORATION,

                Defendants.

-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

      Plaintiff, SION ABADI ("Plaintiff"), on behalf of himself, by and through his attorneys, M. Harvey Rephen & Associates, P.C by Edward B. Geller, Esq., P.C., Of Counsel., as and for its Complaint against the Defendant, WELLS FARGO CAPITAL ONE FINANCIAL CORPORATION (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

    2.    Defendants are subject to, and required to abide by, the laws of the United States and the State of New Jersey, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47

C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff SION ABADI is a resident of the State of New Jersey, residing in Lakewood, New Jersey 08701.

4. Defendant Wells Fargo is a financial corporation with an address 20 Montgomery Street. San Francisco, CA 94104.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC Section 227 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On May 20th, 2015 The Plaintiff spoke with a representative of the Defendant Wells Fargo Capital One Financial Corporation and instructed the Defendant to stop contacting him with an autodialer.

9. The Plaintiff further sent a letter dated May, 20th 2015 to the Defendant instructing them to stop contacting him using an autodialer in any form whatsoever. See Exhibit A.

10. The Defendant thereafter contacted the Plaintiff approximately 600 times using an autodialer with automated phone calls and text messages.

### FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff

must claim that Defendant's calls incurred charges.  See <u>Breslow c. Wells Fargo Bank, N.A.</u> 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) <u>Cavero v. Franklin Collection Serv., Inc.</u>, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, <u>Manno v.Healthcare Revenue Recovery Grp., LLC</u>, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

It is thus clear from the plain language of the TCPA, and its considerable body of resultant caselaw that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

13. With the prerecorded automated auto dialer calls to Plaintiff's cell phone commencing on or about May 20th, 2015, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

14. The Defendant, having been informed that Plaintiff requested that no further calls be made, Defendant willfully continued to harass Plaintiff, violating the TCPA at least six hindred (600) times to date, which calls are ongoing.

15. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

16. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A.    For actual damages provided and pursuant to 47 USC §227 et.seq.;

    B.    For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.;

    C.    A declaration that the Defendant's practices violated the TCPA;

    D.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    August 29th, 2016

Respectfully submitted,

*[signature]*

Edward B. Geller, Esq. (EG9763)
Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

*Attorney for the Plaintiff Sion Abadi*

To:    Wells Fargo Capital One Financial Corporation
20 Montgomery Street.
San Francisco, CA 94104.
*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

(*Via Electronic Court Filing*)

EXHIBIT "A"

To whom it may concern          05/20/15

My name is Sion Abadi

Address 13 ponderosa Dr Lakewood NJ 08701

Account # ending in xxxxxx5953

Phone # 917-282-3333

Email thru Vtext 9172823333@vtext.com Regular kimision@gmail.com

I have opened an account with Wells Fargo

When I went into the branch in Lakewood NJ I went there because it is very close to my house it is less than a mile from my house. I was very happy to find parking on that corner that corner is really busy, then I only realized that Wells Fargo has a parking lot with about 50 spaces. I was also was in the bank lobby and the lobby was very clean and the lighting was great. I waited less than a minute to speak to the banker.  I felt a little taken advantage of. The banker was very polite and well-spoken *maybe to well-spoken* he told me that I can open an account with $75.00 and I agreed I ask allot of questions and got good answers  but to my surprise when the banker handed me the deposit tickets he handed me two and I ask why two the banker said because it is a package it's a savings account and checking account I only wanted to have a checking's account open.  he swiftly then said that first two months are free and I cancel with in those two months  and that point I was too upset to just say close the account after taken a hour off from work that's about 20 mins away from Wells Fargo.so I opened up both accounts then he told me that every time I swipe my debit card that a $1.00 would go to my savings account so I can save $$$$$$$$ at that point I really felt taken advantage of because this was  a

Please turn over

big surprise. I never ask for him to teach me on how to save $$$$$$$$. Then I walked to the teller and he was very polite and friendly with a big smile on his face.

The banker told me that there is no one who offers cheaper rates then Wells Fargo on my way home driving from the bank on route nine in Lakewood there was a very big sign that said FREE CHECKING from First Commerce as well the banker said that Wells Fargo had the lowest rate in NJ for banking after looking online I found much cheaper rates. I explained to him that the reason for me choosing a different bank then were I was banking is because I didn't get the help I needed with my other bank and he told me that for sure I will not have this problem with Wells Fargo as you can see that I'm not mentioning his name because I don't want him to get in trouble but I just wanted the bank to know. After talking to my friend he said that the same happen to him. Maybe the Banker gets credit for open up two accounts. I'm requesting that I get free checking for life or at least one year. If the bank wants to really surprise me please deposit $1000 into savings. I don't want to get those annoying collection calls and no automated dialer system calls in any format what so ever if i gave consent in the begging i don't give any more . I don't want to close my account or get a refund I still want to bank with you.

Thanks

Sion Abadi



